UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEN KARAMON,
d/b/a KARAMON SALES COMPANY,

   Plaintiff,

vs.             Case No. 05-CV-71239
              HON. GEORGE CARAM STEEH

VSI AUTOMATION, INC.,

   Defendant.

_____/

ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO DISMISS (#10)
TO THE EXTENT PLAINTIFF ALLEGES STATUTORY CONVERSION;
DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS (#10)
TO THE EXTENT PLAINTIFF ALLEGES COMMON LAW CONVERSION,
AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN
AMENDED CLAIM OF COMMON LAW CONVERSION IN CONSTRUING
COUNT V AS ALLEGING COMMON LAW CONVERSION

  Defendant VSI Automation, Inc. moves to dismiss plaintiff Ken Karamon's claim of conversion as alleged in plaintiff's June 22, 2005 First Amended Complaint.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

  Plaintiff alleges he became an independent sales representative of VSI in 1994, selling automation equipment and screwdrivers.  Plaintiff alleges various specific instances from 1996 through 2004 in which VSI unilaterally decreased plaintiff's sales commissions, denied plaintiff earned commissions, and intentionally concealed sales projects to prevent plaintiff from earning sales commissions.  Plaintiff alleges VSI unilaterally changed his sales

commission structure in November 2003, and took away his exclusive sales accounts, all inconsistent with VSI policies. Plaintiff alleges VSI provided him with a letter stating: "Japanese accounts will be handled primarily by Japanese salesmen." Plaintiff alleges that he submitted an August 11, 2004 written demand to VSI for an accounting, to which VSI never replied, and that he was terminated on September 1, 2004 as a result of VSI's refusal to allow him to work on Japanese accounts.

Count I of the First Amended Complaint alleges liability under 42 U.S.C. §§ 1981 and 1988 based on unlawful race discrimination favoring Japanese salespersons; plaintiff is Caucasian. Count II alleges race discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq.. Count III alleges violation of the Michigan Sales Representative Act, M.C.L. § 600.2961. Count IV alleges breach of contract. Count V,[1] alleging conversion, is the subject of VSI's motion to dismiss:

### Conversion

32. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraph 1 through 31 above.

33. Plaintiff had a valid and recognizable property interest in the commissions or monies due from his efforts.

34. At all times material, the Defendant knew of Plaintiff's property interest in his commissions or money due Plaintiff from his efforts.

35. Defendant misappropriated, and has wrongfully exercised dominion and control over commissions or monies due Plaintiff. Among other things, the Defendant engaged in subterfuge and/or deceptions as a means of converting amounts that Defendant knew rightfully belonged to Plaintiff.

---

[1] Count V is actually mislabeled Count III in the First Amended Complaint, causing defendant to seek dismissal of "Count III [sic] (Conversion)." Defendant's July 8, 2005 Motion to Dismiss, at 1. The court refers to the mislabeled Count as Count V.

> 36. Defendant's conduct constitutes a conversion under Michigan law, entitling Plaintiff to treble damages and attorneys' fees. See, MCLA 600.2919a.

June 22, 2005 First Amended Complaint, at 10-11.

Defendant seeks dismissal of Count V to the extent plaintiff is alleging a claim of statutory conversion under M.C.L. § 600.2919a. Defendant argues that a statutory conversion claim requires proof that the defendant knowingly bought, received, or aided in the concealment of stolen, embezzled, or converted property, and applies only against an accomplice, citing Echelon Homes LLC v. Carter Lumber Co., 261 Mich. App. 424, 438-439, 683 N.W.2d 171 (2004) (citing Campbell v. Sullins, 257 Mich. App. 179, 191-192; 667 N.W.2d 887, app. denied, 469 Mich. 971 (2005)). Defendant further argues in a footnote that plaintiff has failed to allege facts in Count V that would support a claim of common law conversion.

Plaintiff concedes that his claim of statutory conversion under M.C.L. § 600.2919a fails as a matter of law, as argued by defendant, but denies that a claim of common law conversion likewise fails as a matter of law. Plaintiff seeks leave to file an amended claim clarifying that he is alleging common law conversion in Count V.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328,

330 (6th Cir. 1990).

The parties do not dispute that Michigan law is controlling. See generally Banek Inc. v. Yogurt Ventures U.S.A., Inc., 6 F.3d 357, 361 (6th Cir. 1993). As defendant argues, and plaintiff concedes:

> "[M.C.L. § 600.2919a] is not designed to provide a remedy against the individual who has actually stolen, embezzled, or converted the property." Rather, "[t]he actions proscribed--buying receiving, or aiding in the concealment--all occur after the property has been stolen, embezzled, or converted by the principal." "If the Legislature had meant for the statute to also apply to the thief as well as someone who aids him, it could have written the statute to include the thief's action in possessing or concealing the property."

Campbell, 257 Mich. App. at 191-192 (quoting Marshall Lasser, PC v. George, 252 Mich. App. 104, 112, 651 N.W.2d 158 (2002)). See also Echelon Homes, 261 Mich. App. at 438-439, rev'd on other grounds, 472 Mich. 192 (2005) (holding that constructive knowledge that property was stolen, embezzled, or converted is insufficient to state a claim under M.C.L. § 600.2919a). Defendant is entitled to dismissal of Count V to the extent Count V alleges statutory conversion under M.C.L. § 600.2919a in referencing the availability of statutory costs and attorney fees in paragraph 36 of the First Amended Complaint. Plaintiff is alleging defendant VSI is the principal that stole, embezzled, or converted his earned sales commissions, facts that cannot support a claim for relief under M.C.L. § 600.2919a. Campbell, 257 Mich. App. at 191-192; Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330.

In contrast, a common law claim of conversion of money is actionable in Michigan if the defendant had an obligation to return specific money entrusted to the defendant's care. Head v. Phillips Camper Sales and Rental, Inc., 234 Mich. App. 94, 111, 593 N.W.2d

4

595 (1999).  "Converted property is property over which any distinct act of dominion has been wrongfully exerted over another person's property."  Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380 (E.D. Mich. 2000) (citing Head, 234 Mich. App. at 111; Pamar Enterprises, Inc. v. Huntington Banks of Michigan, 228 Mich. App. 727, 733, 580 N.W.2d 11 (1998)).  Paragraphs 32-35 of Count V allege defendant VSI exercised dominion and control and "misappropriated" monies otherwise payable to plaintiff for earned commissions.  Construing these allegations in a light most favorable to plaintiff, plaintiff could prove, for example, a set of facts establishing that VSI misappropriated specific monies allocated to a sales commission account which VSI was otherwise obligated to pay out to plaintiff.  Defendant's argument in footnote 2 of its Brief that there are simply no facts alleged in the First Amended Complaint that could support a claim that VSI wrongfully exerted dominion over plaintiff's property inconsistent with plaintiff's rights is not persuasive in light of the deferential standard this court must apply in construing plaintiff's claims.  Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330.

       The Federal Rules of Civil Procedure are to be construed and administered in a manner that secures the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1.  To that end, the court construes Count V as alleging a common law claim of conversion in paragraphs 32-35, notwithstanding the additional claim for statutory costs and fees under paragraph 36.  Having found that paragraphs 32-35 could possibly support a claim of common law conversion, it follows that granting plaintiff leave to file a Second Amended Complaint to merely reallege paragraphs 32-35 would not contribute to the just, speedy, and inexpensive determination of this action.  To the extent plaintiff alleges a claim of common law conversion in Count V, defendant VSI's motion to dismiss will be denied,

without prejudice, pending further legal and factual development of the common law conversion claim. Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., Inc., 922 F.2d at 330.

Defendant VSI's motion to dismiss is hereby GRANTED, IN PART, to the extent plaintiff is alleging a claim of statutory conversion under M.C.L. § 600.2919a in Count V of the First Amended Complaint. Plaintiff's statutory conversion claim is hereby DISMISSED with prejudice. Defendant VSI's motion to dismiss is hereby DENIED, IN PART, without prejudice, to the extent plaintiff alleges a claim of common law conversion in Count V of the First Amended Complaint.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 9, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk