UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEN KARAMON, d/b/a
KARAMON SALES COMPANY,

     Plaintiff,                                 Case No.  05-CV-71239-DT
                                                  Hon. George Caram Steeh
vs.                                     Magistrate Judge Capel

VSI AUTOMATION, INC.,
a Michigan corporation,

     Defendant.

_____

E. Michael Morris (P31547)          Jeffrey Muth (P65041)
**MORRIS & DOHERTY, P.C.**        **Attorney for Defendant**
**Attorney for Plaintiff**           300 Ottawa, Suite 500
300 Park Street, Suite 485          Grand Rapids, MI  49503
Birmingham, MI 48009             (616) 742-3930
(248) 642-0300

_____

## MOTION FOR PARTIAL SUMMARY JUDGMENT
### and
### NOTICE OF HEAING

     Ken Karamon, by and through his counsel, states as and for his motion as follows:

     1.     As demonstrated by the attached brief, there is no genuine issue of fact as to two commissions owed to Plaintiff Ken Karamon (hereinafter "Plaintiff" or "Mr. Karamon").  Mr. Karamon's commissions were actually included within the bid prices or quotations made by the Defendant on the two projects in question (*see* Defendant's bid worksheets); Mr. Karamon was identified as the sales representative on each of the proposals that were submitted; and the Defendant received orders at the prices it bid (which, as noted, included Mr. Karamon's commission on the jobs).  *See* attached brief.  The Defendant's only "excuse" for not paying Mr. Karamon commissions on these two projects is that the projects came in beyond 12/31/2003, a date unilaterally and arbitrarily selected by Defendant's sales manager.  However, such a

deadline or cutoff date, as shown *infra*, is directly contrary to the terms of Plaintiff's sales agreement with Defendant.  Moreover, no implied contract can exist as a matter of law given the express, written contract on the same subject matter.  Further, Plaintiff Karamon never agreed to such change in his contract terms, the latest version of which had just been executed on 11/26/03; also, there would have been no consideration for such an alteration of his contract.  (In fact, the sole purpose of such a purported modification would have been, and was, to cheat Mr. Karamon out of commissions on the two outstanding quotes concerning which Defendant was expecting orders.)

2.      For the reasons set forth in the attached brief, Plaintiff Karamon requests partial summary judgment relating to the two commissions that are the subject of this motion.

## NOTICE OF HEARING

3.      This matter will be brought on for hearing at a date and time to be set by the Court.

WHEREFORE, Plaintiff Karamon prays that this Honorable Court make and enter an order or judgment granting Plaintiff partial summary judgment, and granting such other relief as the Court deems appropriate and just.

Respectfully Submitted,

**MORRIS & DOHERTY, P.C.**

s/E. Michael Morris
E. Michael Morris
Morris & Doherty, P.C.
300 Park Street, Suite 485
Birmingham, MI 48009
(248) 642-0300
emmorris@morris-dohertypc.com
P31547

Dated: November 8, 2005